IN THE UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RECORDED BOOKS, LLC

Plaintiff,

OCLC ONLINE COMPUTER LIBRARY
CENTER, INC. d/b/a NETLIBRARY,

Defendant.

Case No. 07 CV 1427 (DKC)

## ANSWER

Defendant OCLC Online Computer Library Center, Inc. d/b/a NetLibrary ("NetLibrary"), by its undersigned attorneys, submits its Answer to Plaintiff's Complaint as follows:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

NetLibrary responds to each of the numbered allegations in the Complaint as set forth below. NetLibrary denies each and every allegation that is not specifically admitted.

### NATURE OF THE CASE

1.      To the extent that the allegations in paragraph 1 of the Complaint attempt to represent or summarize the allegations contained in the rest of the Complaint, NetLibrary generally denies the allegations and states that the Complaint speaks for itself.

2.      NetLibrary admits that Plaintiff is a large producer of independent audiobooks, but lacks sufficient knowledge and information upon which to admit or deny the remaining allegations contained in paragraph 2 of the Complaint and therefore denies them.

3.      NetLibrary admits the allegations of paragraph 3 of the Complaint.

4.      To the extent that the allegations in paragraph 4 of the Complaint attempt to represent or summarize the Agreement between the parties, NetLibrary states that the Agreement speaks for itself. NetLibrary denies the remaining allegations of paragraph 4.

5.      NetLibrary admits that the parties communicated about Plaintiff's attempted termination of the Agreement, but denies the remaining allegations of paragraph 5.

6.      NetLibrary admits that Plaintiff brought this lawsuit against NetLibrary but specifically denies that Plaintiff is entitled to any kind of relief on its claims.

## PARTIES

7.      NetLibrary admits the allegations in paragraph 7 of the Complaint.

8.      NetLibrary admits the allegations in paragraph 8 of the Complaint.

## JURISDICTION AND VENUE

9.      NetLibrary denies that Plaintiff has any basis to bring its copyright claims and therefore denies the allegations in paragraph 9 of the Complaint.

10.     NetLibrary denies that Plaintiff has any basis to bring its Lanham Act claims and therefore denies the allegations in paragraph 10 of the Complaint.

11.     NetLibrary denies that Plaintiff has any basis to bring its claims and therefore denies the allegations in paragraph 11 of the Complaint.

12.     NetLibrary admits the allegations in paragraph 12 of the Complaint.

13.     NetLibrary admits that it does business in the state of Maryland, but denies all allegations in paragraph 13 that are not specifically admitted.

14.     NetLibrary admits that venue is proper in this district but denies all allegations in paragraph 14 that are not specifically admitted.

## FACTUAL BACKGROUND

15.     NetLibrary admits the allegations in paragraph 15 of the Complaint.

16.     NetLibrary admits the allegations in paragraph 16 of the Complaint.

17.     NetLibrary admits the allegations in paragraph 17 of the Complaint.

18.     NetLibrary admits the allegations in paragraph 18 of the Complaint.

19.     To the extent that the allegations in paragraph 19 of the Complaint attempt to represent or summarize the Agreement between the parties, NetLibrary states that the Agreement speaks for itself. NetLibrary denies all allegations in paragraph 19 that are not specifically admitted and specifically denies that the portions of the Agreement cited in paragraph 19 are applicable.

20.     To the extent that the allegations in paragraph 20 of the Complaint attempt to represent or summarize the Agreement between the parties, NetLibrary states that the Agreement speaks for itself. NetLibrary denies all allegations in paragraph 20 that are not specifically admitted and specifically denies that the portions of the Agreement cited in paragraph 20 are applicable.

21.     NetLibrary admits the allegations in paragraph 21 of the Complaint.

22.     NetLibrary denies the allegations in paragraph 22 of the Complaint.

23.     NetLibrary admits that it communicated with Plaintiff in a letter dated April 30, 2007, but denies all allegations in paragraph 23 that are not specifically admitted.

24.     NetLibrary denies the allegations in paragraph 24 of the Complaint.

25.     To the extent that the allegations in paragraph 25 of the Complaint attempt to represent or summarize the Agreement between the parties, NetLibrary states that the Agreement speaks for itself.

3

NetLibrary denies all allegations in paragraph 25 that are not specifically admitted and specifically denies that the portions of the Agreement cited in paragraph 25 are applicable.

26.     NetLibrary admits that the quoted language in paragraph 26 of the Complaint appears in the Parties' Agreement.

27.     NetLibrary admits that the quoted language in paragraph 27 of the Complaint appears in the Parties' Agreement.

28.     NetLibrary admits that the quoted language in paragraph 28 of the Complaint appears in the Parties' Agreement.

29.     NetLibrary admits that the quoted language in paragraph 29 of the Complaint appears in the Parties' Agreement.

30.     NetLibrary admits that the quoted language in paragraph 30 of the Complaint appears in the Parties' Agreement.

31.     NetLibrary admits that the quoted language in paragraph 31 of the Complaint appears in the Parties' Agreement.

32.     NetLibrary admits that the quoted language in paragraph 32 of the Complaint appears in the Parties' Agreement.

33.     NetLibrary admits that the quoted language in paragraph 33 of the Complaint appears in the Parties' Agreement.

34.     NetLibrary denies the allegations in paragraph 34 of the Complaint.

35.     NetLibrary denies the allegations in paragraph 35 of the Complaint.

36.     NetLibrary denies the allegations in paragraph 36 of the Complaint.

37.     NetLibrary denies the allegations in paragraph 37 of the Complaint.

4

38.    NetLibrary denies the allegations in paragraph 38 of the Complaint.

39.    NetLibrary denies the allegations in paragraph 39 of the Complaint.

40.    NetLibrary denies the allegations in paragraph 40 of the Complaint.

41.    NetLibrary admits that it received a letter from Plaintiff dated April 20, 2007, but denies the remaining allegations in paragraph 41 of the Complaint.

42.    NetLibrary admits that the quoted language in paragraph 42 of the Complaint appears in the Parties' Agreement.

43.    NetLibrary admits that Plaintiff communicated with NetLibrary but denies that Plaintiff's actions or communications were made in accordance with the Agreement.

44.    NetLibrary admits the allegations in paragraph 44 of the Complaint, but states that it remains to be seen whether the allegations will hold true.

45.    NetLibrary admits that it stated that "[u]ntil the parties settle the future of this relationship, NetLibrary will comply with the terms of its Agreement, and will continue to accept orders from Libraries for the purchase of eAudiobook Subscriptions," but it denies that Plaintiff effectively terminated the Agreement.

46.    NetLibrary lacks sufficient knowledge and information upon which to admit or deny the allegations contained in paragraph 46 and therefore denies them.

47.    NetLibrary admits that it sent an email to certain customer libraries in May 2007 and admits that the language quoted in paragraph 47 of the Complaint appears in that email, but NetLibrary denies all remaining allegations in paragraph 47 that are not specifically admitted.

48.    NetLibrary denies the allegations in paragraph 48 of the Complaint.

5

49.     NetLibrary denies the allegations in paragraph 49 of the Complaint on the grounds that they describe events that have not yet happened or that may not happen.

50.     NetLibrary admits the allegations contained in paragraph 50 of the Complaint.

## COUNT I – BREACH OF CONTRACT

51.     NetLibrary hereby incorporates by reference its responses to paragraphs 1 through 50 of the Complaint.

52.     NetLibrary admits the allegations in paragraph 52 of the Complaint.

53.     NetLibrary denies the allegations in paragraph 53 of the Complaint.

54.     NetLibrary denies the allegations in paragraph 54 of the Complaint.

55.     NetLibrary denies the allegations in paragraph 55 of the Complaint.

56.     NetLibrary admits that it stated that "[u]ntil the parties settle the future of this relationship, NetLibrary will comply with the terms of its Agreement, and will continue to accept orders from Libraries for the purchase of eAudiobook Subscriptions," but it denies that Plaintiff effectively terminated the Agreement.

57.     NetLibrary admits that it intends to sell subscriptions in accordance with the terms of the Agreement and that it communicated this intention to certain customer libraries by an e-mail in May 2007.

58.     NetLibrary denies the allegations in paragraph 58 of the Complaint on the grounds that they describe events that have not yet happened or that may not happen.  NetLibrary denies all allegations in paragraph 58 that are not specifically admitted.

59.     NetLibrary denies the allegations in paragraph 59 of the Complaint.

60.     NetLibrary denies the allegations in paragraph 60 of the Complaint.

6

## COUNT II – DECLARATORY JUDGMENT

61.    NetLibrary hereby incorporates by reference its responses to paragraphs 1 through 60 of the Complaint.

62.    NetLibrary admits the allegations in paragraph 62 of the Complaint.

63.    NetLibrary denies the allegations in paragraph 63 of the Complaint.

64.    NetLibrary denies the allegations in paragraph 64 of the Complaint.

65.    NetLibrary denies the allegations in paragraph 65 of the Complaint.

66.    NetLibrary admits the allegations in paragraph 66 of the Complaint.

67.    NetLibrary admits that it intends to sell subscriptions in accordance with the terms of the Agreement and that it communicated this intention to certain customer libraries by an e-mail in May 2007.

68.    Because the allegations in paragraph 68 of the Complaint represent Plaintiff's legal conclusions, no response is required.

## COUNT III – COPYRIGHT INFRINGEMENT

69.    NetLibrary hereby incorporates by reference its responses to paragraphs 1 through 68 of the Complaint.

70.    NetLibrary admits that Plaintiff has provided numerous audiobooks to NetLibrary, but lacks sufficient knowledge or information upon which to admit or deny the remaining allegations in paragraph 70 of the Complaint.

71.    NetLibrary admits that Plaintiff owns the titles to thousands of audiobooks and admits that Plaintiff filed an exhibit to its Complaint that purports to list some of those titles, but lacks sufficient

7

information or knowledge upon which to admit or deny the remaining allegations in paragraph 71 of the Complaint.

72.     NetLibrary admits that it stated that "[u]ntil the parties settle the future of this relationship, NetLibrary will comply with the terms of its Agreement, and will continue to accept orders from Libraries for the purchase of eAudiobook Subscriptions," but it denies that Plaintiff effectively terminated the Agreement.

73.     NetLibrary admits that it intends to sell subscriptions in accordance with the terms of the Agreement and that it communicated this intention to certain customer libraries by an e-mail in May 2007.

74.     NetLibrary denies the allegations in paragraph 74 of the  Complaint.

75.     NetLibrary denies the allegations in paragraph 75 of the  Complaint.

76.     NetLibrary denies the allegations in paragraph 76 of the  Complaint.

77.     NetLibrary denies the allegations in paragraph 77 of the  Complaint.

**COUNT IV – DECLARATORY JUDGMENT/**
**COPYRIGHT INFRINGEMENT**

78.     NetLibrary hereby incorporates by reference its responses to paragraphs 1 through 77 of the Complaint.

79.     NetLibrary admits that Plaintiff has provided numerous audiobooks to NetLibrary, but lacks sufficient knowledge or information upon which to admit or deny the remaining allegations in paragraph 79 of the Complaint.

80.     NetLibrary admits that Plaintiff owns the titles to thousands of audiobooks and admits that Plaintiff filed an exhibit to its Complaint that purports to list some of those titles, but lacks sufficient

8

information or knowledge upon which to admit or deny the remaining allegations in paragraph 80 of the Complaint.

81.     NetLibrary denies the allegations in paragraph 81 of the Complaint.

82.     NetLibrary admits that it stated that "[u]ntil the parties settle the future of this relationship, NetLibrary will comply with the terms of its Agreement, and will continue to accept orders from Libraries for the purchase of eAudiobook Subscriptions," but it denies that Plaintiff effectively terminated the Agreement.

83.     NetLibrary admits that it intends to sell subscriptions in accordance with the terms of the Agreement and that it communicated this intention to certain customer libraries by an e-mail in May 2007.

84.     NetLibrary denies the allegations in paragraph 84 of the Complaint.

85.     NetLibrary denies the allegations in paragraph 85 of the Complaint.

86.     NetLibrary denies the allegations in paragraph 86 of the Complaint.

## COUNT V – LANHAM ACT

87.     NetLibrary hereby incorporates by reference its responses to paragraphs 1 through 86 of the Complaint.

88.     NetLibrary denies the allegations in paragraph 88 of the Complaint.

89.     NetLibrary denies the allegations in paragraph 89 of the Complaint.

90.     NetLibrary admits that it stated that "[u]ntil the parties settle the future of this relationship, NetLibrary will comply with the terms of its Agreement, and will continue to accept orders from Libraries for the purchase of eAudiobook Subscriptions," but it denies that Plaintiff effectively terminated the Agreement.

91.     NetLibrary admits that it intends to sell subscriptions in accordance with the terms of the Agreement and that it communicated this intention to certain customer libraries by an e-mail in May 2007.

92.     NetLibrary denies the allegations in paragraph 92 of the Complaint on the grounds that they describe conduct that is unknown or that has not yet happened.

93.     NetLibrary denies the allegations in paragraph 93 of the Complaint.

94.     NetLibrary denies the allegations in paragraph 94 of the Complaint.

95.     NetLibrary denies the allegations in paragraph 95 of the Complaint.

## COUNT VI – DECLARATORY JUDGMENT/LANHAM ACT

96.     NetLibrary hereby incorporates by reference its responses to paragraphs 1 through 95 of the Complaint.

97.     NetLibrary denies the allegations in paragraph 97 of the Complaint.

98.     NetLibrary denies the allegations in paragraph 98 of the Complaint.

99.     NetLibrary admits that it stated that "[u]ntil the parties settle the future of this relationship, NetLibrary will comply with the terms of its Agreement, and will continue to accept orders from Libraries for the purchase of eAudiobook Subscriptions," but it denies that Plaintiff effectively terminated the Agreement.

100.     NetLibrary admits that it intends to sell subscriptions in accordance with the terms of the Agreement and that it communicated this intention to certain customer libraries by an e-mail in May 2007.

101.     NetLibrary denies the allegations in paragraph 101 of the Complaint on the grounds that they describe conduct that is unknown or that has not yet happened.

102.    NetLibrary denies the allegations in paragraph 102 of the Complaint.

103.    Because the allegations in paragraph 103 of the Complaint represent Plaintiff's legal conclusions, no response is required.

104.    NetLibrary denies the allegations in paragraph 104 of the Complaint.

## THIRD DEFENSE

The Complaint is barred in whole or in part by the doctrines of waiver and/or ratification.

## FOURTH DEFENSE

The Complaint is barred in whole or in part by the doctrine of estoppel.

## FIFTH DEFENSE

The Complaint is barred in whole or in part by the doctrines of acquiescence and/or consent.

## SIXTH DEFENSE

The Complaint is barred in whole or in part by the doctrine of laches.

## SEVENTH DEFENSE

The Complaint is barred in whole or in part by the doctrine of impossibility.

## EIGHTH DEFENSE

The Complaint is barred in whole or in part by the doctrine of frustration of purpose.

## NINTH DEFENSE

The Complaint is barred in whole or in part by Plaintiff's failure to mitigate its own damages.

## TENTH DEFENSE

The Complaint is barred in whole or in part by Plaintiff's failure to satisfy conditions precedent.

## ELEVENTH DEFENSE

The Complaint is barred in whole or in part by the doctrine of unclean hands.

## TWELFTH DEFENSE

Any injury alleged by Plaintiff was caused, in whole or in part, by its own acts or the acts of others over whom NetLibrary has and/or had no control.

## THIRTEENTH DEFENSE

The Complaint is barred in whole or in part by the doctrines of license and/or fair use.

## FOURTEENTH DEFENSE

NetLibrary denies each and every allegation in the Complaint not specifically admitted.

## FIFTEENTH DEFENSE

Plaintiff's damages, if any, are speculative and not recoverable.

## SIXTEENTH DEFENSE

Plaintiff is not entitled to injunctive relief because it has not sustained, nor is it in imminent peril of sustaining, any irreparable injury or, for that matter, any harm or damage whatsoever.

## SEVENTEENTH DEFENSE

Plaintiff's claims are made in bad faith, and NetLibrary is entitled to an award of reasonable attorneys' fees.

## EIGHTEENTH DEFENSE

Any damages sought by Plaintiff may be barred by the fact that they are disproportionate to the Plaintiff's actual losses, if any.

NetLibrary reserves the right upon completion of its investigation and discovery to file such additional defenses as may be appropriate.

WHEREFORE, NetLibrary requests that Plaintiff's Complaint be dismissed with prejudice; the Court enter a judgment in NetLibrary's favor declaring Plaintiff's obligation to perform under the

Agreement; NetLibrary be awarded its attorneys' fees and costs; and for such other relief as the Court deems proper.

## JURY DEMAND

Pursuant to Rule 38(b), Fed. R. Civ. P., Defendant demands trial by jury of any issue triable by a jury.

Dated this 19th day of June, 2007.

_____
Hugh J. Marbury (Fed Bar No. 24653)
DLA Piper US LLP
6225 Smith Avenue
Baltimore, Maryland  21209
410-580-3000
410-580-3001 (facsimile)

Attorneys for OCLC Online Computer Library
Center, Inc. /b/a NetLibrary

*Of Counsel*

Randall H. Miller, Esq.
Eve Burton, Esq.
Jason Prussman, Esq.
HOLME ROBERTS & OWEN LLP
1700 Lincoln Street, Suite 4100
Denver, Colorado  80203-4541
303-861-7000
303-866-0200 (facsimile)
(*Pro hac vice* applications pending)

13

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 19th day of June, 2007, the foregoing **ANSWER** was filed and served electronically as follows:

David L. Permut
GOODWIN PROCTER LLP
901 New York Avenue, N.W.
Washington, DC  20001

R. David Hosp
Jaren D. Wilcoxon
Robert D. Carroll
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109

_____
Hugh J. Marbury

14