IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                                  :
RECORDED BOOKS, LLC,                          :   Civil Action No. 8:07-cv-01427-DKC
                                                                  :
           Plaintiff,                            :
                                                                  :   **PLAINTIFF RECORDED BOOKS,**
     v.                                      :   **LLC'S MOTION FOR LIMITED**
                                                                  :   **EXPEDITED DISCOVERY**
OCLC ONLINE COMPUTER LIBRARY                  :
CENTER, INC. d/b/a NETLIBRARY,                :
                                                                  :
           Defendant.                           :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

      Plaintiff Recorded Books, LLC ("Recorded Books") hereby moves pursuant to Federal Rule of Civil Procedure 26(d) and Local Rule 104.4 for leave to serve limited expedited discovery on defendant OCLC Online Computer Library Center, Inc. d/b/a NetLibrary ("NetLibrary") in connection with Recorded Books' motion for preliminary injunction. In particular, Recorded Books seeks leave to serve a limited request for production of documents concerning any agreements or other arrangements NetLibrary has with content providers other than Recorded Books relating to audiobooks that can be downloaded from the Internet, and requests that NetLibrary be required to produce responsive documents no later than July 6, 2007. A proposed first request for production of documents is attached hereto as Exhibit A.

      As grounds for this motion, Recorded Books states as follows:

      1.     In this action, Recorded Books has asserted claims against NetLibrary for copyright infringement, breach of contract, and violations of the Lanham Act. The basis for Recorded Books' claims is that it lawfully terminated the eContent Production and Distribution Agreement between Recorded Books and NetLibrary (the "Agreement"), but, despite this termination, NetLibrary continues (i) to distribute electronic copies of Recorded Books'

copyrighted audiobooks and (ii) to represent falsely to potential new customers that it is authorized to do so.

2. In an effort to prevent NetLibrary's continued unlawful distribution of Recorded Books' copyrighted audiobooks, Recorded Books filed a motion for preliminary injunction on June 19, 2007.

3. The question whether Recorded Books lawfully terminated the Agreement—and therefore whether it is entitled to a preliminary injunction—largely turns on whether NetLibrary violated the Agreement's "Exclusivity Provision." The Exclusivity Provision provided that NetLibrary would only distribute audiobooks via the Internet under the terms of the Agreement:

> The Subscription sales model described in this Agreement is the exclusive means by which netLibrary will market, distribute, and sell to Recipients[1] digital electronic versions of Audio Books that can be downloaded via the Internet. The Subscription sales model described in this Agreement is the exclusive means by which Recorded Books will market, distribute, and sell to Recipients digital electronic versions of Audio Books that can be downloaded via the Internet. netLibrary and Recorded Books will allow other content providers to contribute content and to participate in this Subscription sales model on equivalent terms.

4. The Exclusivity Provision also provided that, in the event that NetLibrary distributed audiobooks from third-party content providers outside of the Agreement, Recorded Books was entitled to terminate the Agreement immediately:

> If, without Recorded Books' consent, netLibrary signs an Agreement to allow another content provider to contribute Audio Book content and to participate in a Subscription sales model to which Recorded Books is not a party; then, subject to Section 1.(e) of Exhibit B, Recorded Books may give netLibrary written notice terminating this Agreement immediately.

---

[1] A "Recipient" is defined in the Agreement as "a public, school, or university library; military base; or any library associated with these institutions."

Accordingly, if NetLibrary violated the Exclusivity Provision, then Recorded Books' termination of the Agreement was lawful, and any continued distribution by NetLibrary of Recorded Books' audiobooks beyond what is permitted under the Agreement's post-termination provisions violates Recorded Books' rights.

5.  As set forth in the declaration and memorandum that Recorded Books filed in support of its motion for preliminary injunction, NetLibrary has violated the Exclusivity Provision by "market[ing], distribut[ing], and sell[ing] to Recipients digital electronic versions of Audio Books that can be downloaded via the Internet" other than through "[t]he Subscription sales model described in th[e] Agreement." In addition, based on publicly available materials, it is clear that NetLibrary has, without Recorded Books' consent, "sign[ed] an Agreement to allow another content provider to contribute Audio Book content and to participate in a Subscription sales model to which Recorded Books is not a party." *See* Declaration of Brian T. Downing in Support of Plaintiff Recorded Books, LLC's Motion for Preliminary Injunction (Dkt. No. 14), dated June 19, 2007, ¶¶ 27-40 and Exhibits B-F; Memorandum in Support of Plaintiff Recorded Books, LLC's Motion for Preliminary Injunction (Dkt. No. 13), dated June 19, 2007, at 5-8, 16-20.

6.  In particular, through arrangements with the Bibliographical Center for Research and SOLINET, NetLibrary is currently distributing audiobooks from non-Recorded Books publishers, including Random House, Books on Tape, Listen and Live, Listening Library, and Blackstone Audio, to libraries via competing Internet-based subscription services. *Id.*

7.  Despite the evidence that Recorded Books has already submitted to the Court demonstrating that NetLibrary has violated the Exclusivity Provision, NetLibrary has summarily asserted in its Counterclaims—without even acknowledging these competing services—that

3

"NetLibrary has never entered into any agreement with any other content publisher or provider to contribute content and to participate in a 'Subscription sales model' to which Recorded Books is not a party." Counterclaims, dated June 19, 2007, ¶ 18.

8.  In light of this conclusory assertion and the bearing that it has on Recorded Books' preliminary injunction motion, Recorded Books wishes to obtain limited discovery concerning this issue prior to the preliminary injunction hearing.

9.  Requiring NetLibrary to produce this limited information now will not impose any unreasonable burden on NetLibrary and will greatly assist the Court in resolving Recorded Books' preliminary injunction motion.

WHEREFORE, Recorded Books respectfully requests that this Court allow its motion for limited expedited discovery.

Dated: June 22, 2007

Respectfully submitted,

RECORDED BOOKS, LLC

By its attorneys,

/s/ R. David Hosp
David L. Permut (15111)
GOODWIN PROCTER LLP
901 New York Avenue, N.W.
Washington, DC 20001
202.346.4000 (tel.)
202.346.4444 (fax)

-and-

R. David Hosp (admitted *pro hac vice*)
Jaren D. Wilcoxson (admitted *pro hac vice*)
Robert D. Carroll (admitted *pro hac vice*)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109
617.570.1000 (tel.)
617.523.1231 (fax)

4

## CERTIFICATE OF CONFERENCE

    I hereby certify that pursuant to Local Civil Rule 104.7, I conferred telephonically on June 22, 2007 with Randall Miller, Counsel for OCLC Online Computer Library Center, Inc. d/b/a NetLibrary in an attempt to resolve the foregoing motion. The parties were not able to agree. The issue requiring resolution by the Court is whether Recorded Books, LLC may serve the attached limited expedited discovery requests with NetLibrary to produce responsive documents no later than July 6, 2007.

                                                                                /s/ R. David Hosp

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on June 22, 2007.

    /s/ R. David Hosp

LIBA/1801066.1