IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

------------------------------------- x
:
RECORDED BOOKS, LLC,                              Civil Action No. 8:07-cv-01427-DKC
:
        Plaintiff,
:                                                **SECOND DECLARATION OF**
    v.                                            **BRIAN T. DOWNING IN SUPPORT**
:                                                **OF PLAINTIFF RECORDED**
OCLC ONLINE COMPUTER LIBRARY                      **BOOKS, LLC'S MOTION FOR**
CENTER, INC. d/b/a NETLIBRARY,                    :  **PRELIMINARY INJUNCTION**

:
        Defendant.                             :
------------------------------------- x

      I, Brian T. Downing, hereby declare and state as follows pursuant to 28 U.S.C. § 1746:

      1.    I am the Publisher of plaintiff Recorded Books, LLC ("Recorded Books"). I submit this second declaration in support of Recorded Books' motion for preliminary injunction.

      2.    On or about March 5, 2005, I met with representatives of NetLibrary and explicitly set forth a number of technical problems that showed that NetLibrary was not fulfilling its technical and customer service obligations under the eContent Production and Distribution Agreement between NetLibrary and Recorded Books (the "Agreement"). A true and accurate copy of my notes from that meeting is attached hereto as Exhibit A.

      3.    On or about May 23, 2005, I once again met with representatives of NetLibrary and explicitly set forth a number of further technical problems that showed that NetLibrary was still not fulfilling its obligations under the Agreement. A true and accurate copy of my notes from that meeting is attached hereto as Exhibit B.

      4.    On February 19, 2007—sixty days before the letter terminating the Agreement—I had a conversation with Jay Jordan, the CEO of OCLC. During this conversation, I explained to Mr. Jordan the extent and nature of NetLibrary's repeated and ongoing deficiencies that

Recorded Books had previously disclosed to NetLibrary on a number of occasions. A true and accurate copy of the e-mail chain that Mr. Jordan and I exchanged on the day of that conversation is attached hereto as Exhibit C.

5. On February 22, 2007, I sent Jay Jordan and Rick Schwieterman at NetLibrary a detailed list of these deficiencies. A true and accurate copy of this list is attached hereto as Exhibit D.

6. True and accurate copies of e-mails concerning customer complaints exchanged between Recorded Books and NetLibrary are attached hereto as Exhibit E.

7. True and accurate copies of e-mails concerning the Iowa City Public Library exchanged between Recorded Books and NetLibrary are attached hereto as Exhibit F.

8. NetLibrary never satisfactorily responded to Recorded Books' concerns and Recorded Books notified NetLibrary of its desire to dissolve the relationship. A true and accurate copy of the e-mail chain that Jay Jordan and I exchanged following that notification is attached hereto as Exhibit G.

9. Historically, Recorded Books has only on rare occasions and for very limited purposes used third parties to market, sell, and/or distribute its products to the library market, allowing itself to maintain careful control over its brand and the distribution of its copyrighted works. This decision has been a significant component of Recorded Books' success.

10. NetLibrary's breaches of the Agreement have severely harmed Recorded Books' good reputation, an unacceptable fact that Recorded Books noted to NetLibrary several times. True and accurate copies of e-mails from Recorded Books to NetLibrary expressing concern over such reputational harm are attached hereto as Exhibit H.

11. NetLibrary is a division of OCLC, which, according to its website, is the "world's largest consortium" of libraries. A true and accurate copy of a printout from OCLC's website, as accessed on July 12, 2007, identifying itself as the "world's largest consortium" of libraries, is attached hereto as Exhibit I.

12. OCLC's annual revenues of nearly a quarter billion dollars far exceed Recorded Books' annual revenues.

13. Net Library's arrangements with SOLINET and BCR—which violate the Agreement's Exclusivity Provision—allow NetLibrary to distribute copyrighted works of Recorded Books' competitors to over 3,600 libraries in the United States.

14. A true and accurate copy of a printout from SOLINET's website, as accessed on July 12, 2007, identifying SOLINET as having a membership of 2,600 libraries, is attached hereto as Exhibit J. A true and accurate copy of a printout from BCR's website, as accessed on July 12, 2007, identifying membership of more than 1,086 libraries, is attached hereto as Exhibit K.

15. Even without the Recorded Books contract, NetLibrary is still able to distribute to libraries works from other audiobook publishers, including Random House, the world's largest publisher. A true and accurate copy of NetLibrary's contract with Random House, as included in NetLibrary's document production, is attached hereto as Exhibit L. A true and accurate copy of a printout from Random House's website, as accessed on July 12, 2007, identifying Random House as the world's largest publisher, is attached hereto as Exhibit M.

16. Recorded Books is currently considering other arrangements to offer its content to libraries over the Internet in the future.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

*[signature]*
_____
BRIAN T. DOWNING

Executed on:  July 13, 2007
              Prince Frederick, Maryland

LJBA/1808335.3