IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| RECORDED BOOKS, LLC, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 8:07-cv-01427-DKC |
| v. | ) ) | **RULE 26(f) REPORT OF CONFERENCE OF PARTIES** |
| OCLC ONLINE COMPUTER LIBRARY CENTER, INC. d/b/a NETLIBRARY | ) ) ) ) ) | |
| Defendant. | ) | |

### **REPORT OF PARTIES' PLANNING MEETING**

Pursuant to Fed. R. Civ. P. 26(f), a telephonic meeting was held on September 18, 2007 between R. David Hosp for Plaintiff Recorded Books, LLC ("Recorded Books") and Randall Miller for Defendant/Counterclaim Plaintiff OCLC Online Computer Library Center, Inc. d/b/a NetLibrary ("NetLibrary"). The parties jointly propose to the Court the following discovery plan:

### **I.    DISCOVERY PLAN**

The parties anticipate requiring discovery from each other and third parties to support their claims and/or defenses, including on the following subjects: whether NetLibrary breached the eContent Production and Distribution Agreement (the "Agreement"); and whether Recorded Books properly terminated the Agreement. The parties agree that no phasing of discovery is required.

The parties believe that discovery beyond the limits established by the Federal Rules of Civil Procedure and the Local Rules of the District of Maryland is not required. The parties also

believe that a protective order governing the exchange of confidential and highly confidential information is warranted in this action.  The discovery exchanged thus far between the parties has, by agreement, been designated for review by outside counsel of record only.  Counsel for the parties have agreed to work together to prepare a proposed protective order.  After the parties have agreed as to the form of the protective order, they will jointly submit the protective order to the Court for approval.  If for some reason the parties cannot work out the details of a protective order, the parties may file their own versions with briefing.

Other than a protective order and the provisions of this Report, the parties do not propose at this time that any other discovery orders under Fed. R. Civ. P. 16 or 26 be entered by the Court.  The parties do, however, reserve the right to seek leave of Court to modify the limitations on discovery pursuant to the applicable rules, if circumstances so require.

    **A.**    **Fact Discovery**

    1.    The parties agree that all fact discovery shall be commenced in time to be completed by the close of fact discovery.  Fact discovery will close on January 22, 2008, as provide by the Court's September 6, 2007 Scheduling Order.

    2.    Each party may serve a maximum of twenty-five (25) interrogatories, including parts and subparts, per party.

3. The parties agree that Recorded Books and NetLibrary may each take a maximum of thirty-five (35) hours of fact depositions, including depositions of any third parties. No deposition shall exceed seven (7) hours, except for that of Brian Downing, whose deposition shall not exceed fourteen (14) hours. As provided in Fed. R. Civ. P. 30 and the Advisory Committee Notes, in the event that a party identifies a special reason that it requires more than seven (7) hours to depose any specifically identified witness, the other parties will make reasonable efforts to accommodate that request. The maximum hour limits set forth in this paragraph may be increased by agreement of all parties, or by Order of the Court, for good cause shown.

4. Depositions taken under Rule 30(b)(6) shall be limited to the subject matter for which the deponent was designated, unless otherwise agreed to in writing by the parties.

B. **Expert Reports and Discovery**

1. The parties agree that all expert discovery shall be commenced in time to be completed by the close of expert discovery.

2. The parties agree that Recorded Books shall designate its expert(s) and provide expert reports no later than November 5, 2007, as provided by the Court's September 6, 2007 Scheduling Order. NetLibrary shall designate its expert(s) and provide expert reports no later than December 5, 2007, as provided by the Court's September 6, 2007 Scheduling Order.

3. The parties agree that Recorded Books shall provide its rebuttal expert reports no later than December 19, 2007, as provided by the Court's September 6, 2007 Scheduling Order.

4. Expert depositions shall be limited to a maximum of seven (7) hours each. The duration of expert depositions may also be increased by agreement of all parties, or by Order of the Court, for good cause shown.

### C. Requests for Admission

Each party may serve a maximum of twenty-five (25) requests for admission, including parts and subparts, per party.

## II. MOTION SCHEDULE

The parties agree that dispositive motions shall be filed by February 19, 2008, as provided by the Court's September 6, 2007 Scheduling Order.

## III. EARLY SETTLEMENT/ADR CONFERENCE

The parties do not request an early Court-sponsored settlement/ADR conference pursuant to Local Rule 607. The parties will continue discussions to work toward early settlement, and may seek the Court's assistance with Court-sponsored mediation in the future if appropriate.

## IV. INITIAL REPORT REGARDING CONSENT TO PROCEED BEFORE MAGISTRATE JUDGE

The parties do not consent to the referral of this action to a Magistrate Judge for all matters.

## V. DISCOVERY OF ELECTRONICALLY STORED INFORMATION

The parties discussed discovery of electronically stored information and agreed on the production of single page TIFFs, extracted OCR, with both a Summation and a Concordance load file. "System meta-data," as described in paragraph 11, section B of the Suggested Protocol for Discovery of Electronically Stored Information, shall be produced for e-mail files. The parties will produce Excel files as TIFFs, printed in a fit-to-page format, and exceptions to this format will be determined on a case-by-case basis and at the request of the receiving party.

| | |
|---|---|
| Respectfully submitted, | Respectfully submitted, |
| RECORDED BOOKS, LLC | OCLC ONLINE COMPUTER LIBRARY CENTER, INC. d/b/a NETLIBRARY |
| By its attorneys, | By its attorneys, |
| /s/ R. David Hosp<br>David L. Permut (15111)<br>GOODWIN PROCTER LLP<br>901 New York Avenue, N.W.<br>Washington, DC 20001<br>202.346.4000 (tel.)<br>202.346.4444 (fax) | /s/ Randall H. Miller<br>Hugh J. Marbury (Fed. Bar No. 24653)<br>DLA Piper US LLP<br>6225 Smith Avenue<br>Baltimore, MD 21209<br>410-580-3000 (tel.)<br>410-580-3001 (fax) |
| -and- | -and- |
| R. David Hosp (admitted *pro hac vice*)<br>Robert D. Carroll (admitted *pro hac vice*)<br>GOODWIN PROCTER LLP<br>Exchange Place<br>Boston, MA 02109<br>617.570.1000 (tel.)<br>617.523.1231 (fax) | Randall H. Miller (admitted *pro hac vice*)<br>Eve Burton (admitted *pro hac vice*)<br>Jason Prussman (admitted *pro hac vice*)<br>HOLME ROBERTS & OWEN LLP<br>1700 Lincoln Street, Suite 4100<br>Denver, CO 80203-4541<br>303-861-7000 (tel.)<br>303-866-0200 (fax) |

Dated: September 20, 2007

## CERTIFICATE OF SERVICE

I, R. David Hosp, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on September 20, 2007.

/s/ R. David Hosp

LIBA/1829344.4